## STATE OF CONNECTICUT *v.*
## HERMINIO SOTOMAYOR
## (SC 16495)

Sullivan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued March 14—officially released April 30, 2002

*Jeremiah Donovan*, with whom, on the brief, was *Rita Christopher*, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph T. Corradino*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Herminio Sotomayor, appeals, following our grant of certification to appeal, from the judgment of the Appellate Court affirming the trial court's judgment of conviction of the crime of murder in violation of General Statutes § 53a-54a (a).[1]

---

[1] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecu-

*State* v. *Sotomayor*, 61 Conn. App. 364, 765 A.2d 1 (2001). We granted the defendant's petition for certification to appeal limited to the following issue: "Was it harmful error for the trial court to instruct the jury that '[o]ne who uses a deadly weapon upon the vital parts of another will be deemed to have intended the probable result of that act,' to repeat the instruction in response to an inquiry from the jury, and to decline to instruct the jury that use of a deadly weapon could evince an extreme indifference to human life (an element of manslaughter in the first degree) rather than an intent to kill?" *State* v. *Sotomayor*, 255 Conn. 952, 770 A.2d 32 (2001).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

tion for, or preclude a conviction of, manslaughter in the first degree or any other crime."